FILED'10 FEB 02 08:35USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

SHAWN WAYNE STOVER,

               Petitioner,        Civil No. 07-1263-CL

              v.              REPORT AND
                                RECOMMENDATION

BRIAN BELLEQUE,

               Respondent.

CLARKE, Magistrate Judge.

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment from the Jackson County Circuit Court after convictions for two counts of Robbery in the First Degree. Exhibit 101. Following a jury trial, the court sentenced petitioner to a total of 135 months of imprisonment. Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the

1 - REPORT AND RECOMMENDATION

Oregon Supreme Court denied review.  Exhibits 103 - 107.

Petitioner filed a Formal Petition for Post-Conviction relief, Exhibit 108, and a Supplemental Petition (Exhibit 110), but the court denied relief. Exhibit 135.  The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 136 - 140.

Petitioner filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 alleging 10 grounds for relief. The Federal Defender was subsequently appointed to represent petitioner.  Petitioner counsel filed a Memorandum in support of Petition (#36) which argued only two of the ten alleged grounds for relief.

By Order (#41) entered August 29, 2009, petitioner was allowed 30 days to file further briefing in support of his claims and advised that if he failed to do so the court would deem the un-argued claims "abandoned."

Petitioner has not filed a supplemental brief or requested an extension of time in which to do so. Accordingly, the claims alleged and argued in petitioner's Memorandum in support (#36) are the only claims that will be addressed in this Report and Recommendation.  See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), cert. denied 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9 th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief].

2 - REPORT AND RECOMMENDATION

Petitioner's Memorandum in Support (#36) alleges the petitioner's claims as follows:

> "First, Mr. Stover argues that the trial court made two erroneous rulings in granting the state's motion to exclude and motion to quash. Mr. Stover sought to present evidence of a string of robberies in an effort to establish an alibi and mistaken identity defense. The trial court's ruling denied him the right to present his defense in violation of the Sixth Amendment and the Due Process Clause.
>
> Second, Mr. Stover challenges appellate counsel's failure to raise the issue of the trial court's improper admission into evidence of a black ski mask found in his car during the investigation. He claims that appellate counsel was ineffective for failing to raise the properly preserved claim, and that he was prejudiced as a result. The black ski mask was objected to as irrelevant because eyewitnesses testified that the robber wore a black bandanna, and that the admission of the ski mask over counsel's objection was prejudicial.

Memorandum in Support (#36) p. 1 - 2.[1]

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"   Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).   If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

---

[1]Petitioner's trial court error claim was alleged as Grounds One and Ground Two in petitioner's pro se petition (#2). The ski mask claim was alleged as Ground 8a(vii) in the pro se petition.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. <u>Boerckel</u>, 526 U.S. t 848, citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure to present the constitutional issue in the state courts. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986). The "mere fact that counsel failed to recognize it, does not constitute cause for a procedural default." <u>Murray</u>, 477 U.S. at 486. Similarly, because there is no constitutional right to counsel in post-conviction proceedings, the actions of PCR counsel cannot be constitutionally ineffective assistance amounting to "cause" to excuse a procedural default.. <u>Coleman</u>, 501 U.S. at 752-57.

Petitioner raised the constitutional due process issue contained in his first claim (Petition Grounds One and Two) on appeal. Exhibit 103 p. 11 - 14. However, he did not raise them before the trail court. Before the trial court, petitioner argued that the evidence relating

to other robbers should be admissible under Oregon Rule of Evidence 404(3), as "other crimes" (Pretrial Motions Tr. 200-03.   He did not cite or argue the federal constitution or the due process clause.   To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Baldwin v Reese, 541 U.S. 27, 32 (2004).

Petitioner raised the due process claim he alleges in this proceeding  on appeal.   However, the failure to raise the argument before the trial court rendered it un-preserved for appellate review. See, State v. Gornick, 340 Or. 160 (2006); State v. Heilman, 339 Or. 661 (2005). Under Oregon Rule of Appellate Procedure 5.45, claims may not be raised for the first time on appeal unless they fall into the marrow "plain error" exception.

Submitting a claim "to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989). Because petitioner raised his constitutional claim for the first time in appeal, it was not "fairly presented" to Oregon's appellate courts in a procedural context in which the merits would be

considered, and is therefore defaulted for purposes of habeas review.[2]

Assuming *arguendo* that petitioner's claim that the trial court's exclusion of evidence constituted a violation of his due process right to present a defense is properly before the court, I find that it is without merit and fails to establish entitlement to habeas corpus relief.

Petitioner wanted to introduce evidence of other robberies in Jackson County to support a defense of mistaken identity. See, Exhibit 118 - State's Motion in Liminie. The trial court found that there "were not that many similarities" and granted the state's motion to exclude the evidence under Oregon Rules of Evidence Rules 401 - 403 (evidence not relevant or sufficiently probative). Id; Transcript Designation Part A (#22) Vol.2, Pre-trial Motions Tr. 204-205; see also, Exhibit 103 p. 11.

The court's decision is entitled to deference under 28 U.S.C. § 2244(d) and is supported by the record before the court.

Moreover, the exclusion of the evidence did not have a "substantial and injurious effect or influence in

_____

[2]Petitioner First Claim also argues that the trial court's ruling denied him his rights under the "Sixth Amendment." No Sixth Amendment argument was made on Appeal.

6 - REPORT AND RECOMMENDATION

determining the jury's verdict," and was thus harmless. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). The evidence of petitioner's guilt was overwhelming.

Several witnesses at the scene of the robbery identified petitioner, Transcript Designation Part A (#22) Vol. 3, Tr. 259, 284, 331-333; one of the witnesses saw petitioner's car speeding away from the store following the robbery, Transcript Designation Part B (#23) Vol. 4, Tr. 353, 359-60; police found $2100 in cash in petitioner's car, Id., Tr. 459; several days after the robbery, petitioner paid for a truck with rolled up ten and twenty dollar bills, Id. Vol 7, Tr. 837-42; petitioner's checking account revealed an unusual cash deposit following the robbery, Id., Vol 5, Tr. 632-35; and, petitioner stated to several friends that he considered robbing a store, specifically Safeway, Id., Tr. 675, 680.

In view of this evidence against petitioner, I find that evidence of other robberies in Jackson County committed after petitioner was arrested, would not have created a reasonable doubt as to petitioner guilt or influenced the jury's verdict.

Petitioner's second claim is that his appellate counsel was "deficient for failing to raise the issue of the black ski mask on appeal." Memorandum in Support (#36) p. 8.

7 - REPORT AND RECOMMENDATION

A black neoprene ski mask found in petitioner's vehicle was introduced over his trial counsel's objection. Trial Tr. Vol. 4 at 452 - 456 and 467. When confronted with the objection, the prosecutor explained that she intended to call a witness, Dave Knutson, to testify that he saw the robber with a ski mask. In his witness statement Mr. Knutson stated that he saw the robber in a backwards baseball cap and bandanna. See Memorandum in Support (#36) p. 3. The prosecution never called Mr. Knutson to testify. Id.

Petitioner argues that the black ski mask "was irrelevant, served no probative function and prejudiced his defense." Memorandum in Support (#36) p. 8. Petitioner further argues that his "appellate counsel unreasonably decided not to raise this particular claim," and that he was prejudiced as a result. Id. "Had appellate counsel raised this issue on appeal, Mr. Stover asserts that there is a reasonable probability that the Oregon appellate court would have reversed his conviction." Id.

Petitioner alleged in his PCR trial brief that his appellate counsel was ineffective for failing to present the claim that the trial court erred in its ruling regarding the introduction of the black ski mask. Exhibit 108 p. 4. However, petitioner did not present this claim, or any other claim of ineffective assistance of

appellate counsel, to the Oregon Court of Appeals or the Oregon Supreme Court. <u>See</u> Exhibits 136 and 138. Because petitioner failed to present this claim to the state's highest court, and can no longer do so, it is procedurally defaulted. <u>O'Sullivan v Boerckel</u>, <u>supra</u> at 848, and petitioner has not alleged any cause and prejudice that would excuse the procedural default.

Assuming *arguendo* that petitioner's ineffective assistance of appellate counsel claim is properly before this court, I find that petitioner has not proved the claim or established entitlement to habeas corpus relief.

Petitioner's federal habeas petition was filed after April 24, 1996, and is therefore governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. <u>Woodford v. Garceau</u>, 538 U.S. 202, 210 (2003). Under AEDPA, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme

Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation

fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

In this case, the PCR trial court denied relief on petitioner's ineffective assistance of counsel claims. The PCR court decision is entitled to deference under § 2254(d)(1) because it is not contrary to or an unreasonable application of Strickland.

Petitioner "does not have a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Burns, 463 U.S. 747, 751 (1983); see also, Smith v. Stewart, 140 F.3d 1263, 1274 n. 4 (9 th Cir. 1998)

11 - REPORT AND RECOMMENDATION

Petitioner's appellate counsel stated in an affidavit that "a professional judgment was made" not to assign error to the ski mask issue because it was "not sufficiently prejudicial to warrant inclusion in a brief that had six better issues." Exhibit 128, p. 3. This type of decision is entitled to the presumption that it constitutes "sound trial strategy." <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002); <u>see also</u>, <u>Bailey v. Newland</u>, 263 F.3d 1022, 1028-29 (9TH Cir. 2001).

Moreover, in order to satisfy the prejudice prong of *Strickland*, petitioner must establish a reasonable probability that, but for his counsel's unprofessional errors, he would have prevailed on appeal. <u>Cockett v. Ray</u>, 333 F.3d 938, 944 (9th Cir. 2003).

Any prejudice arising from the admission of the ski mask and the prosecution's statement that it intended to call a witness that would testify that he saw the robber with a ski mask, would be harmless given the fact that the witness was not called and no such testimony was offered.

I find that there is no reasonable probability that petitioner would have prevailed on appeal if his appellate counsel had assigned error to the trial court's admission of the black ski mask.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be

12 - REPORT AND RECOMMENDATION

dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* <u>*See*</u>*, 28 U.S.C. § 2253(c)(2).*

DATED this 29 day of January, 2010.

13 - REPORT AND RECOMMENDATION

Mark D. Clarke
United States Magistrate Judge